IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEREK JOHNSON, personal Representative for the Estate of Rocky Stewart, Deceased | Civ. No. 6:19-cv-01883-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| COOS COUNTY; WELLPATH, LLC; CORRECT CARE SOLUTIONS, LLC; SAMUEL ELEY; PATRICIA SAUERBRY; JIMMY LAY; ROBERT KRAMER; MARK MAHLUM; JOHN DOES 1-9,, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on Plaintiff's Motion to Unseal Plaintiff's Motion for Sanctions. ECF No. 99. For the reasons set forth below, Plaintiff's motion is GRANTED.

### LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamahana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). There is a "strong presumption in favor of access" to court records except for those traditionally kept secret, such as grand jury transcripts and warrant materials. *Id.* Courts therefore require "compelling reasons" to seal judicial records: "[T]he party [seeking to seal a judicial record] must articulate compelling reasons supported by specific factual findings that outweigh the

general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79.  If, after balancing the interests of the public and the party seeking to keep certain judicial records secret, "the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate a factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Where the information in question is attached to a non-dispositive motion, courts apply a lower "good cause" standard from Federal Rule of Civil Procedure 26(c).  *See Kamakana*, 447 F.3d at 1179 ("We have, however, carved out an exception to the presumption of access to judicial records for a *sealed discovery document* attached to a *non-dispositive* motion, such that the usual presumption of the public's right of access is rebutted." (internal citations omitted, emphasis in original)).  "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated or only tangentially related to the underlying cause of action.'" *Id.* (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "[A]s the private interests of the litigants are 'the only weights on the scale'" under these circumstances, application of the good cause standard from Rule 26(c) "makes sense."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1180).

In determining whether the good cause or compelling reason standard applies in a given case, the court should not mechanically label motions "dispositive" or "nondispositive."  *Crt. For Auto Safety*, 809 F.3d at 1097-98.  Rather, the court should focus on whether the "issue is more than tangentially related to the underlying cause of action" or the merits of the case.  *Id.* at 1098.

**DISCUSSION**

Plaintiff seeks to unseal the brief and exhibits in support of his Motion for Imposition of Sanctions, which seeks a default sanction against the Wellpath Defendants. ECF No. 96. The Wellpath Defendants object to the unsealing of fourteen of the sealed exhibits and to the unsealing of the portions of Plaintiff's brief that discuss those exhibits. Specifically, the Wellpath Defendants object to unsealing Exhibits 18, 19, 23, 25, 26, 28, 29, 30, 32, 33, 37, 42, 43, and 91. The County Defendants take no position on the dispute.

Here, although the parties both present arguments under the "compelling reasons" standard, the Court concludes that the proper standard is "good cause." It is true that Plaintiff's Motion for Imposition of Sanctions would, if granted in full, result in the defaulting of the Wellpath Defendants and so is "dispositive" in the sense that it would terminate litigation against those Defendants. The Ninth Circuit has cautioned, however, that the distinction between dispositive and non-dispositive motions should not be applied mechanically and, for purposes of a motion to unseal, the key issue is whether the motion is dispositive of the merits of the case or if it concerns something more tangential. Here, the issue is the Wellpath Defendants' conduct in meeting, or rather failing to meet, their discovery obligations and more particularly their duty to preserve relevant materials for discovery. This is tangential to the underlying claims and so the Court determines that the "good cause" standard applies.

The exhibits at issue were produced to Plaintiff in discovery pursuant to a Stipulated Protective Order ("SPO"). ECF No. 30. The SPO provides that the parties "may designate as 'Confidential' documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards." SPO ¶ 3. The SPO requires that materials marked as

confidential, or court filings referencing those materials, are entered in the docket, they should be filed under seal. *Id.* at ¶ 4. "If the non-designating party makes a request in writing to have the document unsealed, and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document." *Id.*

"As a general rule, the public is permitted access to litigation documents and information produced in discovery." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (internal quotation marks and citation omitted). Under Federal Rule of Civil Procedure 26, however, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party opposing disclosure has the burden of proving good cause, which requires a showing that specific prejudice or harm will result if the protective order is not granted." *In re Roman Catholic Archbishop*, 661 F.3d at 424 (internal quotation marks and citation omitted). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (internal quotation marks and citation omitted).

If the court determines that such harm will result from the disclosure of discovery documents, then it must "proceed to balance the public and private interests to decide whether maintaining a protective order is necessary." *In re Roman Catholic Archbishop*, 661 F.3d at 424 (internal quotation marks and citation omitted, alternations normalized). In doing so, courts are directed to consider the following factors, which are derived from the Third Circuit's decision in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995): (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party

Page 4 –OPINION & ORDER

embarrassment; (4) whether confidentially is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *In re Roman Catholic Archbishop*, 661 F.3d at 424 n.5.

"While courts generally make a good cause finding before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Catholic Archbishop*, 661 F.3d at 424. However, the burden of showing good cause remains with the party seeking to prevent disclosure and "[i]f a party takes steps to release documents subject to a stipulated order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." *Id.*

In this case, the Wellpath Defendants are the party opposing disclosure and so they bear the burden of demonstrating good cause to maintain protection. With respect to Exhibits 18, 19, 23, 25, 26, 28, 29, 30, 32, 33, 42, and 43, the Wellpath Defendants contend that the materials are communications between Wellpath and its attorneys and so are covered by attorney-client privilege. The Court notes, however, that any privilege that once attached to these exhibits has been obviated by the Wellpath Defendants' decision to disclose them to Plaintiff in discovery rather than assert the privilege. Many of these exhibits have been extensively redacted, reducing any risk of harm they might pose to the Wellpath Defendants. In addition, the Court observes that the Wellpath Defendants have made little effort to demonstrate that any specific harm or prejudice will result from the disclosure of the attorney-client exhibits.

The Wellpath Defendants assert that Exhibits 37 and 91 contain proprietary information and trade secrets. Beyond that bare assertion and the statement that Exhibit 37 "was prepared by

Wellpath personnel for use by Wellpath," the Wellpath Defendants make no effort to show that any specific harm or prejudice will result from the disclosure of Exhibits 37 and 91.

As a consequence, the Court concludes that the Wellpath Defendants have failed to make the threshold showing necessary to establish good cause to continue the protection of those exhibits. Despite this failure, the Court has continued the analysis to consider the competing public and private interests at stake.

Applying the *Glenmede* factors, the Court concludes that, while the Wellpath Defendants have a privacy interest at stake and the disclosure of the challenged exhibits may be embarrassing to them, these considerations are substantially outweighed by the remaining factors. Plaintiff is seeking to disclose the material for a legitimate purpose. The Wellpath Defendants are not a public entity, but they are contracted to perform medical services for the County Jail and the information involved is certainly relevant to public safety. The documents implicate issues important to the public. Plaintiff has also shown that the issues raised in their motion for sanctions are relevant to similar litigation in other jurisdictions and so the Court concludes that sharing the information will promote fairness and efficiency. In sum, the *Glenmede* factors weigh sharply in favor of unsealing the exhibits. Plaintiff's motion will therefore be granted.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Unseal Plaintiff's Motion for Sanctions, ECF No. 99, is GRANTED. The Court will unseal Plaintiff's Motion for Sanctions, ECF No. 96, and its supporting exhibits.

It is so ORDERED and DATED this ___14th___ day of June 2023.

                                              /s/Ann Aiken
                                              ANN AIKEN
                                              United States District Judge